contract was renewed. The tract was finally purchased by Sears, Roebuck and Company on December 29, 1955, after the zoning problems had been settled through litigation.

The appellants claim that Kendall did not establish that he introduced the buyer to the seller and that in any event his rights terminated with the expiration of the option of September 3, 1953.

Kendall claims that the option initiated a continuous chain of activity in which he was involved and which led to the ultimate sale of the property. He contends that the deposition of the appellant, R. L. Durning, and numerous affidavits of record support his claim.

Apparently, there was no pre-trial conference. The contentions presented to us might have been narrowed down by such treatment. We believe that the deposition of R. L. Durning, along with the complaint and Kendall's deposition, raised issues of fact which should be tried, and therefore we have not considered it necessary to discuss other questions.

The judgment is reversed, with directions that it be set aside, and for proceedings consistent with this opinion.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

Motion for an appeal from a judgment of the Boyd Circuit Court, Hon. Watt M. Prichard, Judge, convicting appellant, Molly Baldridge, of the second offense of unlawfully having intoxicating liquor in her possession in local option territory for the purpose of sale, and fixing her punishment at a fine of $200 and confinement in the county jail for 120 days.

After reading the briefs and the record and after considering the points raised and examining the authorities, we find no error prejudicial to the substantial rights of appellant.

The motion for appeal is overruled and the judgment is affirmed.

**John J. SOUTHARD et al., Appellants,**

**v.**

**Omar BIDDLE, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

**Molly BALDRIDGE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

Vernon A. Dinkle, Ashland, for appellant.